Thank you your honor. Good afternoon and may it please the court. Andrew Kennedy on behalf of petitioner appellant Jubair Ahmad. I intend to reserve two minutes for rebuttal. In order to determine whether the district court was in error when it determined that it lacked jurisdiction over Mr. Ahmad's claim, the court must analyze three issues. First, whether the VOP is prohibited from removing its implementation of the provision titled placement of prisoners close to their families from the first step act by styling its actions as designation decisions. Second, whether the specific conduct at issue in this case is justiciable because it is not a mere designation decision. And third, whether 2241 petition is the proper vehicle for addressing such an issue. Unless the court prefers I go otherwise I intend to briefly address the first two and then get to the third one. Mr. Kennedy I was trying to listen but you're talking really fast. I apologize your honor. Not at all. I just want to be clear in your line up there. Is it contested? Are you still contesting jurisdiction vis-a-vis the application for his individual relief? I'm not contesting it as an individual relief. I'm addressing whether the government's argument is first that Mr. Ahmad or anyone else cannot challenge this because it is styled the designation decision. And second, whether this specific action, which I contend is not dealing with specific action in his case is cognizable. If you're not challenging it on an individual basis or that's what you're saying, what actual relief do you want? The relief that we would want would be for the Bureau of Prisons to act in accordance with the statute, which is not necessarily to transfer him, which is what I mean by an individualized decision. What we're asking is that the BOP actually make the consideration that Congress dictated that they do rather than create a blanket policy that all those situated such as Mr. Ahmad are immune. If the relief you're telling us you're asking for is we want the BOP to look at this in a different way, how does that even conceivably come within habeas relief? Well, because your honor, this is, as this court has repeatedly held, habeas relief is applicable when it deals with the manner, location, or conditions of a sentence's execution. And this case pertains to the manner in which the location of this sentence's execution is being handed out. But you have to have, you have to have case law for that. And what about the Nettles decision? And I know that counsel for the government is claiming that we should say that 2241 is never applicable to these kinds of cases. And as you know, in Nettles, they said that it wasn't applicable for state cases or state habeas, but maybe 1983 was applicable. And obviously in federal cases, 1983 is not applicable. So what do you have as a cause of action? Precisely, your honor. And that is why I believe a 2241 action is appropriate. Nettles dealt with a state action, a state habeas case. And the court said that state habeas cases are limited to what it's styled as the core of habeas corpus. By definition, if you style something as the core of habeas corpus, there must be something beyond the core. And logically that would extend to other actions in habeas that are cognizable in a provision against federal custody, not just state custody. What is the cause of, what is the, I am, I'm having trouble following you there because, because I, my problem with the habeas is whether it's state or federal, the question is really a, habeas is really in the case law pertains to when, even if it's an issue, the result would be a reduced sentence of some sort. I don't know that I found a case other than maybe a million years ago where in a federal habeas case that applied to something, an not result in early determinate, in early, early release. I understand your honors, your honors question. And that is the case in a lot of case law from other circuits. But this circuit has specifically described Habe 2241 as applying to quote unquote, the manner, location or conditions of a sentence's execution. There are not case law that either side has identified from this circuit saying, as other circuits have said, that it has to be a quantum or a quantity, not a quantum of confinement, that it has to have to do with actually reducing the sentence. In this case, it would be transferring Mr. Ahmed to a location or applying the statute to possibly transfer Mr. Ahmed to a location where his confinement would be different. It would be quantifiably different in that. Tell me the case in the Ninth Circuit that applied 2241 to the conditions you are asking for here that did not also involve early release. What case? I don't know of a case where it specifically applied it in this context. All that I'm saying is your honor, that there are multiple cases that this court has employed in which it addressed cases and said that if a petitioner is challenging the manner, location or conditions of a sentence's execution, it must be brought as a 2241 action. And I believe that's why Mr. Ahmed brought his petition as he did. If the district court disagreed with this, I believe the proper remedy would have been to reclassify the matter, not to dismiss it outright for lack of jurisdiction. How is it supposed to be reclassified? What other, if we're not looking at 2241, what other method and means does he have to bring this to our attention? I believe theoretically it could be brought as a Bivens action. I don't know that that would be successful. But you're asking for an injunction. Bivens doesn't apply to an injunction. Well, I believe that's why Mr. Ahmed brought it as a 2241 because this was the most applicable statute to this provision. We have a congressional mandate dictating how the BOP is supposed to act with regards to these inmates that the BOP is not following. And there must be some remedy to follow it. And 2241 is the most logical remedy. Counsel, if we could just get in a word edgewise. Judge Bennett and I are both trying to ask you a question. And I wonder if it might even be the same question. But what prevents you from being an APA claim? I do not know why he did not bring it as such. I know that Mr. Ahmed attempted, subsequent to this, after the district court's decision to bring an action for declaratory judgment and the district court told him he could not do so. It didn't even get filed. I'm not entirely sure the logistics of what happened. I'm just inviting you to consider that the language you're quoting arises in a circumstance where there's a habeas issue. And when the not a 2254, not a 2255 in that particular context. But this strikes me as an APA challenge. I understand, Your Honor. To the extent you're not looking for individual relief and your position is really that the agency is not following the law, I don't know why that's not an APA challenge. And I'll just tell both counsel, I'm looking at Reeve in particular in footnote five in Reeve. So you both have a fair opportunity to respond to that. Judge Bennett, were you trying to also get in a word of advice? I was. But my question to counsel was, I understand why you're trying to steer a course where you start by telling us that it really isn't asking the Bureau to move him somewhere else. You're asking for them to reconsider their runs right into 3621's prohibition on our having jurisdiction. But the further you get away from that and the more abstract, the less it fits under habeas. So, I mean, I just, I think that if I took your relief as asking move him and that's barred by the statute. But now the way you're saying you want us to look at it, it just doesn't seem remotely part of the great writ to me. Your Honor, just, I see that I'm encroaching into my rebuttal time, but I would just say that I understand what Judge Kristen is saying and with regard to what you're saying about it not being covered by habeas. But again, I would say that, yes, those cases did involve a 2254 petition that the court said should have been brought as a 2241 petition. But I can't conceive of a situation in which that location or conditions would apply that the same argument that the court is presenting me with wouldn't be applicable. So, it has to have some meaning and I think this is the case when it would have that meaning. So, I'd ask the court to remand for further proceedings and I reserve the remainder of my time for rebuttal. Thank you, counsel. Thank you for your patience with all our many questions. I apologize for speaking over you. No, no, no, not at all. Everyone's doing their best with Zoom and sometimes we just have to barge in on top of you, I'm afraid, to get our questions out on the record. So, thank you for your patience. We'll hear from government counsel, please. Good morning, your honors, and may it please the court. I'm Teal Miller on behalf of Warren Jacquez. The bar on review in 3621C bars every part of this claim and so you don't need to reach the habeas question and I'll address that and then I'd be happy to also talk about habeas. The reason, and this has to do with the particular facts of this case and the particular way this claim came before this court. I was trying to figure out how to explain this and I think the best way to explain this is... Can I ask a question before you launch? Do we get there? Is this claim exhausted? The individual claim is not pursued, I don't think, but as to the broader claim, you know, the statute, that the agency is not complying with the statute, what I'm sort of calling an APA claim, if you just will call it that for purposes of this hypothetical. Was that exhausted? It wasn't and that's what part of what I was about to turn to. If you look at his administrative complaint, he filed his complaint in February of 2019, but the complaint begins through the exhaustion process. It begins at page 36 of the excerpts of record and goes through page 47. And it was finally, he was through the administrative process by July of 2019. The program statement he says that he's challenging separate from the denial of his redesignation was issued in September of 2019. So he hasn't exhausted the abstract, the sort of more abstract or more general claim he's trying to make here. And I think his arguments below make that clear. If you look at page 16 of the supplemental excerpts of record, he sets out his theory that primary residence under the First Step Act has to mean something different than released residence under the program or the designation program statement as it existed before the First Step Act. And he says, the way we know how BOP is reading this is, quote, this can be seen in BOP's correspondence with Mr. Ahmad. So he has to look at his designation decision to even articulate the challenge he's making. And that's why every part of this claim is dependent on the designation decision on these facts and why the APA claim hasn't been exhausted. Let me ask you a question about whether or not the APA applies if he had a cause of action for an implied cause of action. And an implied cause of action in Roman versus Wolf, where an implied cause of action can be brought, alleging unconstitutional conditions of confinement, but seeking only injunctive relief. This would be an alternative to a Bivens action. Why not that? I think that's right, actually. I agree for the reasons the court has given that Bivens isn't available. But I think an action under 1331 for declaratory and injunctive relief might be possible. You'd have to establish standing and you'd have to make an administrative complaint that exhausted a claim that was not a challenge to a redesignation decision. So there would be some hurdles to get by and we might have some arguments about that. But I don't think you'd necessarily want the APA. For that kind of cause of action also, you're saying that the APA also applies. There's no way that he can bring an independent cause of opinion that he's seeking equitable relief. And it could be a constitutional violation or merely a violation of federal law. Does that require that he file APA? I don't think so. No, it doesn't require that he cite the APA, but he is required to exhaust under the Prison Litigation Reform Act, section 1997C. Counsel, I want to find out the government's position. Is it the government's position that if he were to file the type of lawsuit that Judge Silver is talking about, that the government's position is that would not be barred by notwithstanding any other provision of law, designation of a place of imprisonment under this subsection is not reviewable by any court? Is the government saying that if petitioner filed that kind of lawsuit that you and Judge Silver have been discussing that the government would not impose the 3621 jurisdictional bar, as would not argue that there's a jurisdictional bar to that claim? Your Honor, with the caveat that I think it's important that that administrative complaint and crafted and not challenge a designation decision. Yes, an individual. Counsel, by that you mean an individual designation decision? Yes. Yes. So a sort of programmatic challenge that said this new program statement as amended after the First Step Act is required to redefine near release residence or have an independent provision about primary residence and it doesn't. I think that that argument might well or that complaint might well lack merit given the discretion given to BOP, but I think it would be cognizable as an action. That's what I was wondering, but the question then would be if that was cognizable, would we be wrong in remanding it for the plaintiff to consider that cause of action? Yes, because he hasn't exhausted it. And the reason exhaustion matters here is because the only way we know how BOP reads these sort of interrelated provisions in light of the First Step Act and as amended after the First Step Act is this litigation. BOP should have an opportunity to say in response to an administrative complaint what it thinks that term means. I understand that under the First Step Act and I understand that once there's a designation made, there is jurisdiction stripping, but I'm just trying to understand what you're saying is that my impression is that there may be an independent cause of action without a requirement and that would be an implied cause of action, without the requirement of an exhaustion. Are you saying there is some case law or there's something that requires it because I haven't seen it? I'm saying 1997E, the Prison Litigation Reform Act requires a prisoner to exhaust all claims concerning conditions. Even if it's a constitutional claim, even if it's an implied cause of action? Yes. So this isn't an APA point, it's a point about the exhaustion requirement under the Prison Litigation Reform Act. I know both fields of law involve exhaustion. So going through the entire potential basis for a cause of action, no matter what, he had to comply with the exhaustion requirement, so he's out. I think that's right. No matter where we go here, he had to exhaust and he didn't. Is that your position? So counsel, this might be a better question for your friend, but as we sit here today, when is petitioner due to be released? I believe November of 2021. Okay. I'd be happy to address the manner, location, and conditions of the sentence language in Hernandez if the court would like me to talk about abuse. I think there's a simple... Let me just check, are there any additional questions from the panel? No. Thank you, Ms. Miller. Thank you. We ask that the judgment be affirmed. Thank you. I didn't mean to cut you off. Were you done? If the court wants to hear from me, I'm happy to talk about it, but if the court is satisfied, I'm done. Thank you. We appreciate your argument very much. Thank you. Opposing counsel still has some time remaining, not much. Would you put a minute on the clock, please? We took up an awful lot of opposing counsel's time. Go right ahead, sir. I would just like to briefly address the issue that your honors were discussing with the government regarding exhaustion. And I feel like the government is really attempting to put Mr. Ahmad in a box because Mr. Ahmad did not know that this was particularly how the BOP was applying the First Step Act. He didn't know that it was going to reject it pertaining to the released residents. So I believe that what he's is exhausting improperly. The only way to get the determination that they wouldn't give relief to anyone who has an immigration detainer would be to ask for this relief for himself. Just as the government says the BOP has the right to say what it thinks the term means, Mr. Ahmad had the right to know what the BOP believed the term meant. And so I believe Mr. Ahmad did exhaust and did pursue his claim the most logical way possible given the information that he had. And because of all that, I believe that the proper action would be to reverse and remand. Thank you. Thank you both. It's an important and interesting case and we have really benefited from both of your arguments. Thank you. We'll take this matter under advisement and go on to the next case on the calendar.
judges: Christen, Silver, Bennett